NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROGACIANO CABRERA-VALENCIA, | No.    18-72904 |
| Petitioner, | Agency No. A078-269-474 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2021[**]

Before:     McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Rogaciano Cabrera-Valencia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Cabrera-Valencia's statements to immigration officials that he did not fear returning to Mexico and his vague testimony about the PRD political party. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under "the totality of circumstances"). We do not consider Cabrera-Valencia's contentions concerning the origins of the Knights Templar and his brothers' disappearances. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA). Thus, Cabrera-Valencia's withholding of removal claim fails.

Cabrera-Valencia's contention that his right to due process was violated by not being able to access records fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Cabrera-Valencia's request to remand to clarify testimony and apply for adjustment of status is denied.

**PETITION FOR REVIEW DENIED.**